UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00154-GNS-HBB

**YENNI GONZALEZ MADERA**                                          **PLAINTIFF**

V.

**NORDELEY PETIT-FRERE, et al.**                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Leo Logistics, Inc. to file a third-party complaint (DN 80). Plaintiff Yenni Gonzalez Madera has filed a response in opposition at DN 81 and Leo Logistics has replied at DN 82.

### Nature of the Case

This is an action for personal injury arising from a motor vehicle collision (DN 1-1). Plaintiff contends that Defendant Nordeley Petit-Frere was operating a tractor trailer while employed by one or both Leo Logistics and Cloudtrucks, LLC, and negligently injured her (*Id.* at p. 3). Plaintiff further alleges that the tractor-trailer was owned by one or more of Defendants TF Leasing Co., Cloudtrucks, or Hans Kaye (DN 51).

### Leo Logistics' Motion

Leo Logistics seeks leave to file a third-party complaint against HTK Tax Services, LLC (DN 80). Leo Logistics contends that it had an independent contractor agreement with HTK to provide commercial vehicles and drivers, and that, at the time of the accident, Petit-Frere was

employed by HTK (*Id.* at p. 2). The third-party complaint would assert a contractual claim for indemnity and apportionment of fault (DN 80-1).

### Plaintiff's Response

Plaintiff contends that Leo Logistics has late-identified the possible involvement of HTK, having failed to raise the issue in prior responses to pleadings and discovery requests (DN 81, p. 4). Plaintiff notes the independent contractor agreement, absent any extension or renewal, would have expired before the accident (*Id.*). Moreover, Plaintiff asserts that HTK was administratively dissolved by the Florida Department of State before the accident (*Id.* at p. 7). Plaintiff argues that allowing Leo Logistics to bring HTK into the case now will unduly complicate the case with issues associated with the contractual relationship and status as a legal entity, which Plaintiff characterizes as collateral to the underlying personal injury action (*Id.* at pp. 3-5).

In addition, Plaintiff notes that the case has been in litigation for a year and a half and the parties have engaged in discovery (*Id.* at p. 5). She observes that a trial date has been set, and she is in the process of securing expert witnesses (*Id.* at p. 6). Adding a new party will unfairly prejudice her, she argues, by delaying the case's progress (*Id.*). She also argues that Leo Logistics will suffer no prejudice by having the motion denied, as it can still argue for apportionment (*Id.* at p. 7).

### Leo Logistics' Reply

Leo Logistics observes that its motion is timely filed, as the scheduling order deadline for joinder of parties does not expire until June 20, 2025, some five months hence (DN 82, p. 3). Leo Logistics also correctly disputes that there is a date set for trial (*Id.* at p. 4). It further notes that, although two depositions have been scheduled, none have been taken, no experts have been disclosed, and the current scheduling order projects deadlines into 2026 (*Id.*). Leo Logistics

contends that it is more efficient to pursue apportionment and contractual indemnification against HTK in one action (*Id.* at p. 6).

As to the operation of the independent contract, Leo Logistics contends that it was subject to automatic renewal for one year (*Id.* at p. 7). As to whether HTK was in good standing as a business entity at the time of the accident, Leo Logistics contends that administrative dissolution does not prevent it from incurring contractual liability in this action (*Id.* at pp. 7-8).

## Discussion

In a diversity action, the Court applies Kentucky substantive law and federal procedural law. *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014). A defendant, as a third-party plaintiff may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D. Ky. 1971); *see Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit."). A motion to file a third-party complaint is a matter addressed to the discretion of the trial court. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960) (citing FED. R. CIV. P. 14(a)). "[T]imely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Ray v. Mereen-Johnson, LLC*, No. 3:18-CV-105-RGJ, 2018 U.S. Dist. LEXIS 247320, at *2 (W.D. Ky. Dec. 3, 2018) (citation omitted).

Here, there is no prejudice to the Plaintiff. On November 12, 2024, the Plaintiff entered into an agreed order extending deadlines in the case (DN 71). Plaintiff agreed to an additional seven months from that point to add parties (*Id.*). Two months later, Leo Logistics filed the subject motion, well in advance of the deadline to which Plaintiff agreed. To argue prejudice, Plaintiff essentially concedes that she agreed to set the deadline too far out. Further, the question of whether the independent contract imposes an indemnity obligation on HTK does not appear unduly complicated or requiring extensive additional discovery. This is particularly so in light of the fact that Plaintiff has already joined Hans Kaye as a direct defendant, whom Leo Logistics asserts is HTK's principal and who signed the agreement on behalf of HTK (*see* DN 81). Finally, the fact that HTK might have been subject to administrative dissolution for failure to file an annual report does not alone demonstrate that Leo Logistics' claim for contractual indemnification is "obviously unmeritorious." *Ray*, 2018 U.S.Dist. LEXIS 247020, at *2; See *Corp. Servs. v. Shumaker*, No. 5:07-CV-00024-R, 2010 U.S. Dist. LEXIS 114823, at *3-4 (W.D. Ky. Oct. 27, 2010) (administrative dissolution of business entity does not automatically preclude it from later being named as a party to a legal action).

**WHEREFORE**, the motion of Defendant Leo Logistics, Inc., to file a third-party complaint, DN 80, is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

February 5, 2025

Copies: Nordeley Petit-Frere, *pro se*
Counsel